**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DAVID BEITLE and JULIE BEITLE,** :
**as parents and next friends of JOSHUA BEITLE:**
**Plaintiffs** :
: **C.A. No.** _______________
**v.** :
:
**EAST GREENWICH SCHOOL COMMITTEE** : CA 06 62 ML
**Defendant** :

**COMPLAINT**

**JURISDICTION**

1. This is a Complaint seeking a review of a Hearing Officer's decision issued in an impartial due process hearing conducted pursuant to 20 U.S.C.A. § 1415(i)(2)(A), R.I.G.L. § 16-24 *et seq*., and the implementing state and federal regulations. This Court has subject matter jurisdiction pursuant to 20 U.S.C.A. § 1415 and 28 U.S.C.A. § 1331.

**PARTIES**

2. Plaintiffs, David and Julie Beitle, are the parents and next friends of Joshua Beitle, a minor.

3. Plaintiffs reside in the Town of East Greenwich in the State of Rhode Island, and have done so throughout Joshua's school career.

4. The East Greenwich School Committee is a duly elected body charged with the care, control, and custody of the East Greenwich Public Schools, pursuant to R.I.G.L. § 16-2-9. Among the responsibilities of the East Greenwich School Committee is the provision of special education and related services to all children with disabilities residing in East Greenwich, Rhode Island, pursuant to 20 U.S.C.A. § 1400 *et seq.*, the Individuals with Disabilities Education Act

(hereinafter "IDEA"), R.I.G.L. § 16-24-1 *et seq*., and the Board of Regents' Regulations for the Education of Disabled Children (hereinafter, "SPED Regs").

**FACTS**

1. Beginning in the academic year 2001-2002, Joshua has attended the East Greenwich Public Schools.

2. Joshua suffers from Asperger's Syndrome, an autism spectrum disorder.

3. As a result of Joshua's condition and its disabling effects, the East Greenwich Public Schools found Joshua eligible for special educational services pursuant to the IDEA and Rhode Island special education law during the 2004-2005 school year.

4. On or about January 7, 2005, pursuant to the IDEA and Rhode Island special education law, the Plaintiffs and the East Greenwich Public Schools entered into an Individualized Education Plan ("IEP") for Joshua.

5. Said IEP failed to offer Joshua a free and appropriate public education in accordance with the IDEA.

6. The East Greenwich Public Schools also failed to implement the IEP, resulting in deprivation of a free and appropriate public education.

7. During the summer of 2005, the Plaintiffs attempted to schedule a meeting with officials of the East Greenwich Public Schools regarding the formulation of a new IEP, but no such meeting was scheduled until September 2, 2005.

8. On or about September 2, 2005, Plaintiffs attended the meeting with officials of the East Greenwich Public Schools in order to develop a new IEP for the 2005-2006 academic year.

9. The new IEP and placement that was offered by the Plaintiffs failed to offer Joshua a free and appropriate public education in accordance with the IDEA.

10. Plaintiffs accordingly refused to sign the proposed new IDEA.

11. The Plaintiffs requested that the East Greenwich Public Schools fund Joshua's placement in the Wolf School, a private school located in the City of Providence and specializing in the education of children suffering from disabilities similar to Joshua's.

12. The East Greenwich Public Schools refused to fund such placement.

13. The Plaintiffs enrolled Joshua in the Wolf School, and filed a Request for Impartial Due Process hearing with the Rhode Island Department of Education, requesting that the hearing officer find that the East Greenwich Public Schools had failed to offer a free and appropriate public education and was therefore responsible for payment of Joshua's tuition at the Wolf School for the previous summer and current school year.

14. Hearings in this matter commenced before Hearing Officer Margaret-Ann Gardner on or about October 31, 2005, and concluded on or about December 2, 2005.

15. On or about January 13, 2006, the Due Process Hearing issued her decision, a copy of which is attached hereto as Exhibit A.

16. The Hearing Officer's determination that the IEP developed by the East Greenwich Public Schools offered Joshua a free appropriate public education in accordance with the IDEA and Rhode Island law is contrary to the law and in violation of the Individuals with Disabilities Education Act, 20 U.S.C.A. § 1400 *et seq.*, was arrived at in excess of the Hearing Officer's authority, made upon unlawful procedure, was clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record, and was arbitrary, capricious and characterized by an abuse of discretion and clearly unwarranted exercise of discretion.

WHEREFORE, the Plaintiffs request the following:

1. That the Court reverse the Decision of the Hearing Officer insofar as it held that the IEP developed by the East Greenwich Public Schools provided Joshua with a free appropriate education, and that the appropriate placement for Joshua was at the Hanaford School in East Greenwich and not the Wolf School;
2. That the Court determine that Joshua's placement at the Wolf School will provide him with a free appropriate public education in the least restrictive environment, and that Defendant be ordered to pay any and all tuition expenses related thereto.
3. That this Court order the Defendant to pay reasonable attorney's fees, costs and expenses incurred to prosecute this matter.

David Beitle and Julie Beitle,
By their attorneys,

Mary Ann Carroll # 6664
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
February 3, 2006

Vicki J. Bejma, #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
February 3, 2006