**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**DAVID BEITLE and JULIE BEITLE, :**
**as parents and next friends of JOSHUA BEITLE :**
**Plaintiffs :**
**: C.A. No. C.A. 06-62** ML
**v. :**
**:**
**EAST GREENWICH SCHOOL COMMITTEE :**
**Defendant :**

**PLAINTIFFS' RESPONSE TO DEFENDANT'S STATEMENT OF FACTS**

Now come the Plaintiffs, and hereby submit their response to Defendant's statement of facts in support of their motion for summary judgment.

As a general matter, Plaintiffs dispute and deny Defendant's Statement of Facts to the extent that the statements are not supported by the record, are mischaracterizations of the testimony, or are based exclusively on the testimony of Defendant and/or their agents, employees, or officers and are not confirmed by an objective witness. Moreover, the procedural posture of this case is a review of the hearing officer's decision and is not intended as a motion for summary judgment pursuant to Fed. R. Civ. Proc. 56 or Local Rule 56 (a)(3), such that Plaintiffs do not have the burden of specifically refuting the statements set forth in Defendant's Statement of Facts.

1. Admit.

2. Denied with respect to the characterization that Joshua was able to pass and attend first grade in the District without special education services provided by his parents.

3. Denied with respect to the characterization that the District provided Joshua with a FAPE.

4. Denied with respect to the characterization that Joshua was able to pass and attend first grade in the District without special education services provided by his parents.

5. Denied with respect to the characterization that the testimony of Joshua's parents was not competent evidence as to Joshua's school difficulties.

6. Denied with respect to the characterization that the evaluations were in any way inconsistent regarding Joshua's diagnoses and needs.

7. Denied with respect to the characterization that Joshua did not require the summer program services referenced, or that he was not suffering from autism. Denied with respect to the characterization that the Wolf School did not conclude that Joshua had special education needs.

8. Admit.

9. Denied with respect to the characterization that Joshua's parents had failed to communicate with the District regarding Joshua's needs and psychological problems.

10. Denied with respect to the characterization that Joshua had not suffered from Asperger's Syndrome prior to this date.

11. Admit.

12. Denied insofar as this testimony is not corroborated by independent evidence.

13. Admit.

14. Admit.

15. Admit.

16. Denied with respect to the characterization that the IEP incorporated "many" of Dr. Hopkins' suggestions.

17. Admit.

18. Denied with respect to the characterization that Dr. Hopkins agreed that the IEP incorporated her recommendations.

19. Denied with respect to the characterization that Joshua did not suffer from autism.

20. Denied with respect to the characterization that Plaintiffs did not communicate with the District officials regarding Joshua's condition, or that District officials were unaware of it. See especially (Tr. 10/31/05, p. 39, 42; 11/3/05, p. 114; 11/15/05, p. 43, 77; 12/2/05, p. 139.)

21. Denied with respect to the characterization that Plaintiffs did not communicate with the District officials regarding Joshua's condition or that District officials were unaware of it. See especially (Tr. 10/31/05, p. 39, 42; 11/3/05, p. 114; 11/15/05, p. 43, 77; 12/2/05, p. 139.)

22. Denied.

23. Denied with respect to the characterization that Plaintiffs did not communicate with the District officials regarding Joshua's condition or that District officials were unaware of it. See especially (Tr. 10/31/05, p. 39, 42; 11/3/05, p. 114; 11/15/05, p. 42-43, 77; 12/2/05, p. 139.)

24. Denied with respect to the characterization that the special education teacher was successful in implementing Joshua's IEP to an acceptable level.

25. Admit.

26. Denied.

27. Denied with respect to the characterization that the special education teacher was successful in amending and/or implementing Joshua's IEP to an acceptable level.

28. Denied with respect to the characterization that these staff members were made available to Joshua.

29. Denied as unsupported by other testimony.

30. Denied with respect to the characterization that Plaintiffs were responsible for requesting said services.

31. Denied with respect to the characterization that Joshua was not eligible for extended year services.

32. Denied with respect to the characterization that District officials were unable to address any of the issues raised in the subject correspondence.

33. Admitted.

34. Denied with respect to the characterizations regarding Joshua's function and performance, except insofar as they relate to some improvement in writing skills.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied as unsupported by independent corroborating evidence.

41. Denied as unsupported by independent corroborating evidence.

42. Admitted.

43. Denied with respect to the characterization that a FAPE was offered at said IEP meeting.

44 Denied with respect to the characterization that a FAPE was offered at said IEP meeting.

45. Denied with respect to the characterization that a FAPE was offered at said IEP meeting.

46. Denied with respect to the allegation that Plaintiffs did not request a dedicated one-on-one paraprofessional throughout the entire school day. (See especially Tr. 12/2/05, p. 149.)

47. Denied.

48. Denied as unsupported by independent corroborating evidence.

49. Denied.

50. Denied with respect to the characterization that Plaintiffs had made the decision to enroll Joshua at Wolf prior to the September 2, 2005 IEP meeting.

51. Denied with respect to the characterization that Plaintiffs had made the decision to enroll Joshua at Wolf prior to the September 2, 2005 IEP meeting.

52. Denied.

53. Denied.

54. Denied with respect to the characterization that Joshua was "less successful" in the summer program at Wolf.

55. Admitted.

56. Denied with respect to the characterization that Joshua's condition was not significantly improved when beginning at Wolf.

57. Denied with respect to the characterization that Joshua's condition was not significantly improved when beginning at Wolf.

58. Denied.

59. Denied.

David Beitle and Julie Beitle,
By their attorney,

Vicki J. Bejma, #6498
The Law Offices of Stephen M. Robinson
155 South Main Street, Suite 402
Providence, RI 02903
(401) 331-6565
(fax) 331-7888
July 28, 2006

**CERTIFICATION**

I, the undersigned, hereby certify that on July 28, 2006 I sent a true copy of the within by regular mail to all of the parties below:

Raymond Marcaccio
Oliverio & Marcaccio
55 Dorrance Street, Suite 400
Providence, RI 02903